IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAHER C. SUAREZ, | No. C 08-04937 CW (PR) |
| Petitioner, | ORDER DENYING MOTION TO GRANT A "STAY AND ABEYANCE" |
| v. | |
| TOMMY FELKER, Warden, | |
| Respondent. / | |

On October 28, 2008, Petitioner Maher C. Suarez, a state prisoner, filed a pro se Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. On June 22, 2009, the Court issued an Order to Show Cause why the writ should not be granted on the two cognizable claims raised: (1) improper admission of prior bad acts, and (2) ineffective assistance of counsel. On August 27, 2009, Respondent filed an Answer. On October 19, 2009, Petitioner filed a Traverse.

On May 10, 2010, Petitioner filed a request to stay and hold in abeyance the federal proceedings. Petitioner wishes to raise claims of inconsistent verdicts and, relatedly, ineffective assistance of counsel in this federal proceeding, but he has not yet exhausted either claim in state court. Petitioner asserts that he did not receive his trial transcripts until February 11, 2008,

and just by luck, in January 2010, Petitioner learned about a potential due process challenge based on inconsistent verdicts. Petitioner concedes that his AEDPA statute of limitations has run and requests a stay under Rhines v. Weber, 544 U.S. 265 (2005).

DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), codified under 28 U.S.C. § 2254, prisoners in state custody who wish to challenge in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b) & (c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982). District courts have inherent authority to issue stays where a stay would be a proper exercise of discretion. Rhines, 544 U.S. at 276. AEDPA does not strip district courts of that discretion; it merely limits it. Id.

There are two approaches for analyzing a motion for a stay-and-abeyance, depending on whether the petition is mixed or fully exhausted. See King v. Ryan, 546 F.3d 1133, 1135-36 (9th Cir. 2009). If the petitioner seeks a stay-and-abeyance order for a mixed petition that contains both exhausted and unexhausted claims, the request can be analyzed under the standard announced by the Supreme Court in Rhines. See id. at 1139-1140. If, however, the petition is fully exhausted, and what the petitioner seeks is a stay-and-abeyance order to exhaust claims not raised in the current federal petition, the approach set out in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), overruled on other grounds by Robbins v.

2

Carey, 481 F.3d 1143 (9th Cir. 2007), applies. See King, 546 F.3d at 1139-1140.

Here, because Petitioner's petition is not mixed but, instead, a fully exhausted petition, the Rhines procedure is inapplicable. Thus, the only avenue available to Petitioner to stay a fully exhausted petition is explained in Kelly and King. The Kelly procedure begins by allowing a petitioner to delete any unexhausted claims from his mixed petition. See King, 546 F.3d at 1135-36. Then, the district court would stay and hold the fully exhausted petition in abeyance while the petitioner exhausted the deleted claims in state court. See id. Once the deleted claims are exhausted, the petitioner would amend his stayed petition to re-attach the newly exhausted claims. See id.

Here, Petitioner's biggest hurdle under the Kelly procedure is to file his amended petition within the original one-year statute of limitations period. See id. at 1140-1141. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented the petitioner from filing; (C) the constitutional right asserted was initially recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D).

3

Here, Petitioner is challenging his 2005 conviction for first degree murder. The California Supreme Court denied a petition for review on March 14, 2007. Doc. 5, Resp.'s Ex. G. His conviction became final after the time passed for seeking direct review in the United States Supreme Court. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Thus, Petitioner's conviction became final on June 13, 2007 and began to run the following day on June 14, 2007. Id. Absent tolling, Petitioner's federal petition, filed on October 14, 2008, see Houston v. Lack, 487 U.S. 266, 270 (1988), is untimely.

Petitioner filed a state habeas petition in California Supreme Court on April 16, 2008, which was denied on September 17, 2008. Doc. 5, Resp.'s Exs. H, I. Adding the days during which Petitioner was properly seeking collateral review, i.e., 154 days, Petitioner's statute of limitations was tolled until November 14, 2008. See 28 U.S.C. § 2244(d)(2).

Thus, Petitioner's current federal petition is timely. However, this petition contains claims that have been fully exhausted. The claims that Petitioner now wishes to exhaust in state court have not previously been raised in any court. In his motion, Petitioner concedes that these "new" claims are barred by the statute of limitations. Mot. at 4.

The Ninth Circuit has clearly stated that a stay-and-abeyance order under Kelly does not protect a petitioner's unexhausted claims from untimeliness. See King, 564 F.3d at 1141. Petitioner argues that these "new" claims relate back to the ones in his pending petition. See id. In order for claims to relate back, however, a petitioner must show that the unexhausted claims share a

4

"common core of operative facts" with those exhausted claims in his petition.  See Mayle v. Felix, 545 U.S. 644, 659 (2005).  A new claim does not "relate back" to the filing of the original petition simply because it arises from "the same trial, conviction, or sentence."  Id. at 662-64.

Petitioner raised two exhausted claims in his current federal petition:  (1) the admission of uncharged bad acts violated his federal due process, and (2) counsel was ineffective for failing to make a more specific objection to the admission of uncharged bad acts.  Petitioner now wishes to exhaust two more claims: (1) inconsistent verdicts, and (2) counsel was ineffective for failing to raise the issue of inconsistent verdicts.  Not only does it appear that these claims were, or should have been, known or discovered at the time Petitioner filed his original petition, but there is no "common core of operative facts" between the exhausted and unexhausted claims which would allow the new claims to relate back.  It therefore appears that Petitioner's unexhausted claims would be barred by the statute of limitations.  Petitioner does not provide a sufficient reason for the court to stay these proceedings and hold his petition in abeyance.

Accordingly, the Court DENIES Petitioner's motion for a stay.

CONCLUSION

Petitioner's motion for a stay (Doc. #9) is DENIED.

IT IS SO ORDERED.

Dated: 8/3/2010

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

MAHER C SUAREZ,

        Plaintiff,

v.

TOMMY FELKER et al,

        Defendant.

Case Number: CV08-04937 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 3, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Maher Conrad Suarez V82078
High Desert State Prison
P.O. Box 3030
Susanville, CA 96127

Dated: August 3, 2010

        Richard W. Wieking, Clerk
        By: Nikki Riley, Deputy Clerk